UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES for the use and benefit of GEM PLUMBING & HEATING CO., INC.<br>Plaintiff | : | CIVIL ACTION NO.<br>CA 06 24T |
| VS. | : | |
| M.A. MORTENSON COMPANY<br>Defendant<br>CHUBB GROUP OF INSURANCE COMPANIES<br>Defendant | : | JANUARY 3, 2006 |

COMPLAINT

1. Gem Plumbing & Heating Co., Inc. ("Gem") is a Rhode Island corporation with a principal place of business in Lincoln, Rhode Island. The business of Gem is residential and commercial mechanical contracting.

2. Defendant Chubb Group of Insurance Companies ("Chubb") is a corporation with a principal place of business in Warren, NJ, in the business, inter alia, of furnishing performance and labor and material payment bonds to the construction industry. At all times material hereto, it is authorized to do business in the State of Rhode Island. At all times material hereto, it was acting in its capacity as surety to M.A. Mortenson Company ("Mortenson").

3. M.A. Mortenson Company is a corporation with a principal place of business in Minneapolis, Minnesota. At all times hereto, it is authorized to do business in the State of Rhode Island.

4. Jurisdiction of this Court is pursuant to 40 U.S.C.A. §3131, et seq., the Federal Miller Act.

COUNT ONE (AS TO CHUBB)

5. On or about July 13, 2003, North East Mechanical entered into a contract with Mortenson wherein North East Mechanical agreed to install the plumbing, heating and air-conditioning in a number of separate buildings for the United States Navy on a construction project known as "Newport Navy Base-Buildings 36, 347 & 360, in Newport, Rhode Island for the lump sum price of $850,000.00, exclusive of change orders and extra work performed by Gem.

6. On or about November 1, 2004, Gem, with the permission of North East Mechanical and North East's surety and Mortenson, took over the North East Mechanical contract with Mortenson.

7. As of the date of this complaint the work is complete, but Mortenson has, in breach of its contract, failed and neglected to pay Gem its balance due, which is now due and payable.

8. By virtue of its having issued a Miller Act bond guaranteeing that Mortenson would fulfill its obligations under the contract, the defendant surety is liable for the full amount due, plus interest.

9. All conditions precedent to make the claim pursuant to the Miller Act has been met by the plaintiff.

COUNT TWO (AS TO CHUBB)

10-13. The allegations of paragraphs 5 through 9 of Count One are incorporated and made the allegations of paragraphs 10 through 13 of Count Two with the same full force and effect as though fully set forth herein.

13. In addition to its contract work, the actions of Mortenson in failing to permit access to the site as promised, to coordinate the work of other trades, to maintain the schedule of the project and to allow Gem's work to proceed in an orderly and timely manner, has caused Gem increased delay, disruption and additional labor, material and overhead costs for which defendant surety is liable.

COUNT THREE (AS TO MORTENSON)

14-17. The allegations of paragraphs 5 through 9 of Count One are incorporated and made the allegations of paragraphs 14-17 of Count Three with the same force and effect as through fully set fourth herein.

18. As of the date of this complaint the work is complete, but Mortenson has, in breach of its contract, failed and neglected to pay Gem its balance due, which is now due and payable with interest.

19. By virtue of Mortenson's failure and neglect to pay its balance due, the Plaintiff has been damaged.

20. All conditions precedent to make the claim pursuant to the Miller Act has been met by the plaintiff.

COUNT FOUR (AS TO MORTENSON)

21-24. The allegations of paragraphs 5 through 9 of Count One are incorporated and made the allegations of paragraphs 21 through 24 of Count Four with the same full force and effect as though fully set forth herein.

25. In addition to its contract work, the actions of Mortenson in failing to permit access to the site as promised, to coordinate the work of other trades, to maintain the schedule of

the project and to allow Gem's work to proceed in an orderly and timely manner, has caused Gem increased delay, disruption and additional labor, material and overhead costs for which defendant is liable.

COUNT FIVE (AS TO MORTENSON)

26-29 The allegations of paragraphs 5 through 9 of Count One are incorporated and made the allegations pf paragraphs 26-29 of Count Five with the same full force and effect as though fully set forth herein.

30. Mortenson acted in breach of its duty of good health and fair dealing in one or more of the following ways:

a. It interfered with Plaintiff's contracts with subcontractors by hiring outside contractors to perform said work;

b. Failing to provide adequate job management and quality control;

c. Failure to respond to document requests from the Plaintiff;

d. Failure to cooperate with Plaintiff in the performance of its contractual obligations.

31. By virtue of Mortenson's failure to act in good faith and in fair dealing with the Plaintiff, the Plaintiff has been damaged.

WHEREFORE, Gem Plumbing & Heating Co., claims:

1. Monetary damages;

2. Interest;

3. Costs; and

4. Attorney's fees; and

5. Such other further legal or equitable relief as the court deems appropriate.

PLAINTIFF, GEM PLUMBING &
HEATING CO., INC.
By LAW OFFICES OF EVERETT A. PETRONIO, INC.

EVERETT A. PETRONIO, SR., ESQ. (#0172)
1239 Hartford Avenue
Post Office Box 19040
Johnston, Rhode Island 02919
(401) 273-8800 - (401) 273-1907 FAX